# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2023

Lyle W. Cayce
Clerk

_____

No. 23-40121
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Andres Salas, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-1367-1

_____

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:[*]

Andres Salas, Jr., entered a conditional guilty plea to one count of transporting an alien within the United States, reserving the right to appeal the denial of his motion to suppress evidence discovered during the stop of his vehicle along Highway 281 near San Manuel, Texas, by a U.S. Border Patrol agent. He contends there was no reasonable suspicion to justify the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40121

stop. We disagree and affirm the district court's denial of the motion to suppress.

When reviewing the denial of a motion to suppress, we review legal conclusions de novo, including the district court's conclusion that reasonable suspicion existed for the stop, and we review factual findings for clear error. *United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015). "Reasonable suspicion requires more than merely an unparticularized hunch, but considerably less than proof of wrongdoing by a preponderance of the evidence." *United States v. Garza*, 727 F.3d 436, 440 (5th Cir. 2013) (internal quotation marks and citation omitted). "Factors that ordinarily constitute innocent behavior may provide a composite picture sufficient to raise reasonable suspicion in the minds of experienced officers." *Cervantes*, 797 F.3d at 329 (internal quotation marks and citation omitted).

To determine whether reasonable suspicion exists in this context, this court examines the totality of the circumstances and weighs the factors set forth in *United States v. Brignoni-Ponce*, 422 U.S. 873 (1975). They are not exclusive, *United States v. Garcia*, 732 F.2d 1221, 1223 (5th Cir. 1984), and include:

> (1) the area's proximity to the border; (2) characteristics of the area; (3) usual traffic patterns; (4) the agents' experience in detecting illegal activity; (5) behavior of the driver; (6) particular aspects or characteristics of the vehicle; (7) information about recent illegal trafficking of aliens or narcotics in the area; and (8) the number of passengers and their appearance and behavior.

*Cervantes*, 797 F.3d at 329.

The district court concluded that "there [was] reasonable suspicion based on [the] totality of circumstances." Suppression Hr'g Tr. at 60:18-19, *United States v. Salas*, No. 22-01367 (S.D. Tex. Apr. 11, 2023), ECF No. 63

("Hr'g Tr.").[1] The district court pointed to the presence of the "previously identified known scout vehicle" driving ahead of Salas. *Id.* at 60:22-25. Salas argued that the scout vehicle's presence could not go to reasonable suspicion because it drove approximately six minutes ahead of the vehicle Salas was driving, but the district court rejected this argument on the grounds that it was likely that a scout vehicle would travel some distance ahead of a "load" vehicle. *Id.* at 61:1-11. Indeed, our court has recognized that "some distance . . . must be maintained if the lead car is to be of any use in alerting the load car of checkpoints and patrols," *United States v. Barnard*, 553 F.2d 389, 392 n.6 (5th Cir. 1977), though "[r]easonable suspicion cannot result from the simple fact that two cars are traveling on a roadway . . . ,one in front of the other," without more, *United States v. Rangel-Portillo*, 586 F.3d 376, 382 (5th Cir. 2009) (citation omitted). The district court then turned to two of the agent's observations about Salas's vehicle: the vehicle was "pitched in a manner reflecting a heavy load in the rear trunk area, that's indicative of . . . people being secreted in the cargo compartment," Hr'g Tr. at 61:15-18, and "the odd behavior of the passenger, who attempt[ed] to secrete himself from view, and also [the] odd behavior of all the passengers who s[a]t rigidly facing forward," *id.* at 61:22-25. The district court did not err in concluding that that these factors support the presence of reasonable suspicion. *See Garcia*, 732 F.2d at 1224-25; *United States v. Lopez-Gonzalez*, 916 F.2d 1011, 1014-16 (5th Cir. 1990).

The district court also looked to testimony that the vehicle slowed down to ten-to-fifteen miles below the speed limit and *continued* at that slower speed, Hr'g Tr. at 62:17-20, which can support a finding of reasonable

---

[1] Contrary to Salas's contention on appeal, the district court expressly "put no weight" on the agent's observation that the vehicle driven by Salas swerved. Hr'g Tr. at 62:8-9.

suspicion, *United States v. Samaguey*, 180 F.3d 195, 199 (5th Cir. 1999); *see also United States v. Hernandez-Mandujano*, 721 F.3d 345, 350 (5th Cir. 2013) (recognizing that continuing to drive below speed limit may contribute to reasonable suspicion depending on circumstances). Finally, the district court noted that the Border Patrol agent who conducted the stop "kn[ew] what to look for" because of his experience patrolling the area, Hr'g Tr. at 63:8-11, which also goes to the presence of reasonable suspicion, *Garza*, 727 F.3d at 441.

For the foregoing reasons, the judgment of the district court is AFFIRMED.